■ In the Matter of MARVIN GLASS, Appellant, v. ECOLOGICAL SCIENCE CORPORATION, Respondent.— Two orders, Supreme Court, New York County, each entered May 16, 1972, which referred the cross motion by respondent to dismiss the petition for lack of jurisdiction to a Special Referee to hear and report, unanimously modified, on the law and the facts, to dispense with the reference, and the matter remanded for further proceedings on the merits under the petition, and the orders are otherwise affirmed. Appellant shall recover of respondent $30 costs and disbursements of this appeal. The record indicates sufficient facts to show a basis for jurisdiction for the application of section 1315 of the Business Corporation Law. (See, also, *Securities & Exch. Comm.* v. *Koenig*, N. Y. L. J., June 20, 1972, p. 1, col. 3.) Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ DEE 'GEE SALES CORP., Respondent, v. SEKAI MANUFACTURING CO., INC., Appellant.— Order, Supreme Court, New York County, entered March 20, 1970, denying defendant's motion for leave to serve an amended answer and for an order directing the plaintiff to submit to an examination before trial, unanimously affirmed, without prejudice to any further course of action defendant-appellant may be advised to pursue. Respondent shall recover of appellant $30 costs and disbursements of this appeal. Concur — Stevens, P. J., Kupferman, Murphy and Capozzoli, JJ.

■ 7 DOYER STREET REALTY CORPORATION, Respondent, v. GREAT CATHAY DEVELOPMENT CORPORATION et al., Appellants.— Order, Supreme Court, New York County, entered on December 1, 1971, denying motion for summary judgment, unanimously reversed, on the law, the motions granted, and the complaint dismissed. Appellants shall recover of respondents $50 costs and disbursements of this appeal. The suit is for specific performance of an agreement of lease of certain premises from a contract vendee, so described in the document, of those premises. The lease term was not to " commence prior to the date Landlord [defendant-appellant] takes title to the premises and in the event Landlord does not take title to the premises, his lease shall terminate and become null and void" and the money deposited by plaintiff-respondent tenant returned, with both parties relieved of further obligation. This condition subsequent was never performed before the time limited by contract for such performance: the contract vendee never acquired the property and its offer to return the deposit was refused. There was no contract provision requiring defendant to take title. These contract conditions may not be varied by parol evidence. Plaintiff attempts to justify its claim by a theory of conspiracy between defendant, the eventual purchaser and others but does not come forward with facts to substantiate this theory. Therefore, no triable issue has been demonstrated. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.